IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**AL JABBAR SALAM,**
**ADC #091534**                                                                                       **PLAINTIFF**

**V.**                         **CASE NO. 4:20-CV-462-JM-BD**

**ESTELLA BLAND,** *et al.*                                                                  **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I. Procedures for Filing Objections

This Recommendation for dismissal has been sent to Judge James M. Moody Jr. Any party may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

### II. Discussion

Plaintiff Al Jabbar Salam, an inmate at the Varner Unit of the Arkansas Division of Correction (ADC), filed this civil rights lawsuit without the help of a lawyer. (Doc. No. 2) Mr. Salam brings deliberate-indifference claims against Defendant Estella Bland, alleging that she refused to provide him with his prescribed Gabapentin. (Doc. Nos. 2, 19, 20) Mr. Salam also brings a corrective-inaction claim against Defendant Sondra Parker,

alleging that Defendant Parker failed to take corrective action regarding his complaints about Defendant Bland.[1] (Doc. No. 2, 19, 20)

Defendants Bland and Parker have now filed a motion to dismiss based on Mr. Salam's failure to proceed with a properly noticed deposition. (Doc. No. 47)

The Court issued a scheduling order, setting a discovery deadline of January 29, 2021. (Doc. No. 37) On December 29, 2020, the Court granted Defendants' motion to depose Mr. Salam pursuant to Federal Rule of Civil Procedure 30. (Doc. No. 41) On January 8, 2021, Defendants scheduled a remote video disposition. (Doc. No. 47-1) On January 20, 2021, Mr. Salam and Defendants' counsel appeared for the remote video deposition. (Doc. No. 47-2) Mr. Salam complained about wearing his handcuffs during the deposition and was provided a 20-minute break to rest his shoulders and hands. (Doc. No. 47-2) When the deposition resumed, Mr. Salam refused to answer a question, counsel explained:

> Mr. Salam, this is my opportunity to take your deposition. If you deprive me of that opportunity, I think the court would dismiss your case for failure to prosecute. If you're telling me you're not going to answer my question, then we need to contact the court in order to have them address that issue, if you're not going forward with the deposition.

(Doc. No. 47-2, p. 34)

Mr. Salam refused to participate further in the deposition and left the room before counsel had an opportunity to call the court. (Doc. No. 47-2, pp. 34–37) Sergeant

---

[1] All other Defendants and claims have been dismissed. (Doc. No. 5, Doc. No. 6)

Franklin offered to force Mr. Salam back into the room; but counsel responded that he did not want to force Mr. Salam to do anything and requested that the officers speak to the Court to relay what happened in the deposition. (Doc. No. 47-2, p. 37)

In the initial order, Mr. Salam was made aware that pursuant to Local Rule 5.5(c)(2) he would be required to diligently prosecute his case. (Doc. No. 3) Furthermore, when Mr. Salam refused to participate in counsel reminded Mr. Salam that his case could be dismissed if he failed to finish the deposition.

When plaintiffs willfully refuse to participate in discovery, as Mr. Salam did in this case, dismissal is an available remedy. FED. R. CIV. P. 41(b); *Aziz v. Wright*, 34 F.3d 587 (8th Cir. 1994) (dismissed case under 41(b) when plaintiff willfully disregarded court's order allowing defendants to depose him); *Setzke v. Whitmill*, 241 F. App'x 351 (8th Cir. 2007) (unpublished) (no abuse of discretion when court dismissed case after plaintiff failed to appear for two scheduled depositions); *Poole v. Stubblefield*, 216 F. App'x 607, 608 (8th Cir. 2007).

## III.    Conclusion

Defendants' motion to dismiss (Doc. No. 47) should be GRANTED. Mr. Salam chose to terminate his deposition prematurely after the Court ordered his participation. Accordingly, the Court recommends that Mr. Salam's case be dismissed, without prejudice, under Federal Rule of Civil Procedure 41(b).

DATED this 18th day of February, 2021.

_____
UNITED STATES MAGISTRATE JUDGE